# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AMIN ARBI HAFSI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:12-CV-1666-G (BF) |
| | § | |
| MICHAEL ASTRUE, | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this civil action to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### Background

Plaintiff Amin Arbi Hafsi, proceeding *pro se*, filed a form Complaint on May 30, 2012, which the Court interpreted as an appeal of a decision by the Commissioner of Social Security to deny Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. *See* Plf. Compl. (Doc. 3) at 1. The next day, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed the issuance of summons by the Clerk of Court and service of process by the United States Marshal. Doc. 6. The Commissioner timely filed an Answer (Doc. 12) and a certified copy of the administrative record (Docs. 14 & 15). Thereafter, the Court entered an Order directing Plaintiff to file a brief by September 10, 2012 setting forth all the errors which he contends entitle him to relief. Order Directing Filing of Briefs, 8/1/12 (Doc. 16). When more than five months had passed and Plaintiff had not filed the required brief, the Court entered an Order directing Plaintiff

to show cause in writing why this case should not be dismissed for failure to prosecute. Order to Show Cause, 1/22/13 (Doc. 17). Plaintiff was warned that "[u]nless he demonstrates good cause for failing to file a brief, the Court intends to recommend to the District Court that this action be dismissed." *Id.* Notwithstanding the Court's warning, Plaintiff failed to respond to the Show Cause Order or seek an extension of time to do so.

**Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone lns. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

During the past six months, Plaintiff has twice failed to respond to Court orders. He has failed to submit a brief setting forth the errors which he contends entitle him to relief and has ignored a Show Cause Order, despite warnings that his failure to respond may result in the dismissal of his case. Indeed, since the filing of his Complaint more than eight months ago, Plaintiff has failed to file *any* document or take any action that would indicate he intends to pursue this case. Because of the brevity and ambiguity of his Complaint, it is impossible for the Court to determine the basis for his claims.

The Court is not required to delay the disposition of this case until such time, if ever, as Plaintiff decides to comply with its Orders and file the brief necessary to adjudicate his claims. Therefore, this action should be dismissed for failing to prosecute and for failing to comply with

Court orders. *Dubose v. Astrue*, No. 08:CV-0188-FBNN, 2008 WL 2954936 (W.D. Tex. Jul. 31, 2008) (Rule 41(b) dismissal of *pro se* plaintiff's social security appeal appropriate where plaintiff failed to comply with court order to file dispositive motion); *Hardy v.Astrue*, No. 4:10-0234, 2010 WL 4394041 (S.D. Tex. Oct. 29, 2010) (same); *see also Benson v. Astrue*, No. 3:08CV1506-D, 2008 WL 5378179 (N.D. Tex. Dec. 23, 2008) (same where plaintiff failed to file pleadings and comply with court orders to provide other information).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court DISMISS Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SO RECOMMENDED, February 6, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with

3

a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).